UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BRIAN ISIAH HOLMES, JR.,**

      **Plaintiff,**

  v.                          **Civil Action 1:24-cv-206**
                                 **Judge Douglas R. Cole**
                                 **Magistrate Judge Chelsey M. Vascura**

**ANGELA J. GLASER,** *et al.***,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Brian Isiah Holmes, Jr., an Ohio inmate who is proceeding without the assistance of counsel, brings this action for violation of his federal constitutional rights under 42 U.S.C. § 1983 against his former criminal defense attorney and two other attorneys who denied his professional conduct grievances. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief can be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

Nos. 1, 6.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $2.03 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A789756) at Chillicothe Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

I.   BACKGROUND

Plaintiff was a defendant in criminal proceedings in the Court of Common Pleas for Hamilton County, Ohio. The state court appointed Defendant Angela Glaser to represent Plaintiff in his criminal proceedings. Plaintiff entered a guilty plea on September 20, 2021, and was sentenced on September 30, 2021, to several years of prison time.[1]

Nearly two years later, on June 24, 2023, Plaintiff sent a letter to Ms. Glaser requesting that she provide him with a copy of his case file. (ECF No. 1-2, PAGEID #28.) On July 21, 2023, Ms. Glaser sent a copy of the majority of the case file to Plaintiff, but noted in her cover letter that she could not provide body worn camera footage and witness interviews, as they were marked for counsel only under Ohio Criminal Rule 16. (ECF No. 1-2, PAGEID #30.) Ms. Glaser also noted "there are a number of CD's containing audio recorded interviews that I am unable to provide." (*Id.*)

Dissatisfied with the omissions from his file, Plaintiff filed a grievance against Ms. Glaser with the Cincinnati Bar Association ("CBA"). (ECF No. 1-2, PAGEID #37–38.) On October 24, 2023, Defendant Maria Palermo responded on behalf of the CBA to Plaintiff's grievance, finding that "it appears Attorney Glaser has provided the file materials she is able to provide" and dismissing Plaintiff's grievance. (ECF No. 1-2, PAGEID #39.) Plaintiff appealed Ms. Palermo's decision to the Office of Disciplinary Counsel of the Ohio Supreme Court, and Defendant Michelle Hall, Chief Assistant Disciplinary Counsel, affirmed the CBA's decision. (ECF No. 1-2, PAGEID #42–43.) Ms. Hall noted that Ohio Criminal Rule 16(C) prohibited Ms.

---

[1] This Court takes judicial notice of the relevant state-court records in accordance with Federal Rule of Evidence 201. *See* Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (noting that courts may take judicial notice of state-court records) (citation omitted).

Glaser from providing the body worn camera footage and witness interviews, and that the Ohio Department of Rehabilitation and Correction generally does not permit inmates to possess CDs. (*Id.*) Ms. Hall advised Plaintiff to speak with prison officials to obtain permission to possess the CDs if necessary for him to continue prosecuting his case. (*Id.*)

Plaintiff alleges that Ms. Glaser's refusal to turn over the omitted materials, and Ms. Palermo's and Ms. Hall's approval of that decision, violated his First, Fifth, Sixth, and Fourteenth Amendment rights. (Compl., ECF No. 1-1.) Plaintiff seeks compensatory damages and an injunction requiring Ms. Glaser to turn over the omitted materials. (*Id.*)

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

4

upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

In order to state a claim under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiff alleges that the Defendants' actions violated his Sixth Amendment rights to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, and to have the assistance of counsel for his defense; his First Amendment rights to freedom of speech and to petition the government; his Fifth and Fourteenth Amendment rights to due process, and his Fourteenth Amendment right to equal protection. (Compl., ECF No. 1-1.)

Plaintiff does not explain, and the undersigned cannot discern, how the omission of body worn camera footage, witness interviews, and CDs from his case file interfered with any of these rights. For instance, the Sixth Amendment applies only to "criminal prosecutions," and Plaintiff's allegations do not suggest that any criminal prosecution remained ongoing when he requested his case file nearly two years after his sentencing. *See* U.S. Const. amend. VI. Nor do Plaintiff's allegations suggest that his freedom of speech or right to petition the government were

in any way curtailed; that he was deprived of life or liberty without due process of law, or that he was not afforded equal protection of the laws.

Finally, to the extent that Plaintiff contends that he was deprived of property without due process of law, Plaintiff has not sufficiently alleged the inadequacy of the remedies available under Ohio law. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). In *Paratt*, the United States Supreme Court held that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property. 451 U.S. at 539–44. The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). When a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld when the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . . ."); *Ruiz v. Fisher*, No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate").

7

Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Ohio's post-deprivation tort remedies are inadequate under *Parratt* and *Vicory* to adjudicate his property-deprivation claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."). Accordingly, he has failed to state a property-deprivation due process claim.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Nos. 1, 6) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE