## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**BRIAN ISIAH HOLMES, JR.,**

      **Plaintiff,**

                                **Case No. 1:24-cv-206**

      v.

                                **JUDGE DOUGLAS R. COLE**

**ANGELA J. GLASER, et al.,**                **Magistrate Judge Vascura**

      **Defendants.**

## OPINION AND ORDER

Before the Court is Magistrate Judge Vascura's Report and Recommendation (R&R) advising the Court, pursuant to the screening procedures that apply to prisoner filers under 28 U.S.C. §§ 1915(e), 1915A, to dismiss Plaintiff Brian Holmes Jr.'s claims arising under 42 U.S.C. § 1983. (Doc. 8). Holmes objected to the R&R (Doc. 12), so the Court reviews it de novo.

Holmes's pro se Complaint is somewhat difficult to parse, as it is not organized by claims or causes of action, which leaves the Court to guess, to some extent, at what claims he asserts. From what the Court can gather from Holmes's Complaint and the docket from Holmes's criminal case in the Hamilton County Court of Common Pleas,[1] Defendant Angela Glaser represented Holmes in his state criminal case, which resulted in his entering a guilty plea on September 20, 2021. (Compl., Doc. 7, #84); Entry Withdrawing Plea of Not Guilty & Entering Plea of Guilty to an Agreed

---

[1] "[T]he Court 'may take judicial notice of proceedings in other courts of record.'" *Dates v. HSBC*, ___ F. Supp. 3d ___, 2024 WL 860918, at *1 n.1 (S.D. Ohio 2024) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82 (6th Cir. 1969)).

Sentence, *State v. Holmes*, No. B1906564 (Hamilton Cnty. Ct. of Comm. Pl. Sept. 20, 2021), https://perma.cc/7X5Z-N2M7. The state court sentenced Holmes on September 30, 2021. Judgment Entry, *State v. Holmes*, No. B1906564 (Hamilton Cnty. Ct. of Comm. Pl. Sept. 30, 2021), https://perma.cc/F8D6-HFMS.

At some point in June 2023, Holmes asked Glaser to provide him all the evidence from his criminal trial. (Doc. 7, #84; Doc. 7-1, #100–01). Glaser provided almost all such evidence. But she declined to provide any police body camera footage or witness interviews because such evidence was marked for "counsel only" under Ohio Rule of Criminal Procedure 16. (Doc. 7-1, #102). She also stated she was unable to provide some CD's containing audio-recorded interviews,[2] but she did not provide a reason for withholding this latter batch of evidence. (*Id.*).

Holmes then filed a complaint against Glaser with the Cincinnati Bar Association (CBA) claiming that she violated Ohio's Rules of Professional Conduct. (*Id.* at #109–10). Bar Counsel Maria Palermo, writing on behalf of the CBA, notified Holmes on October 24, 2023, that "it appears Attorney Glaser has provided the file materials she is able to provide" and informed him that the CBA was dismissing his grievance. (*Id.* at #111). When Holmes sought to "appeal" the issue to the Disciplinary Counsel for the Supreme Court of Ohio, the Disciplinary Counsel found no error in the CBA's determination. (*Id.* at #114–15).

On April 16, 2024, Holmes moved for leave to file the current action in forma pauperis (IFP), (Doc. 1), to which he attached a copy of his Complaint, (Docs. 1-1, 1-

---

[2] The record does not reveal whose interviews law enforcement had recorded.

2). On June 3, 2024, the Magistrate Judge granted him leave to proceed IFP, (Doc. 8, #120–21), and she ordered the Complaint to be filed on the Court's docket, (*see* Doc. 7). The Complaint raises claims under 42 U.S.C. § 1983 against Glaser, Palermo, and Michelle Hall (the attorney who wrote Holmes on behalf of the Disciplinary Counsel). Holmes asserts that each defendant violated his constitutional rights under the First, Fifth, Sixth, and Fourteenth Amendments. (*Id.* at #95–96). More specifically, Holmes, in a conclusory fashion, argues that Defendants' failure either (as applicable to Glaser) to provide the evidence he seeks or (as applicable to Palermo or Hall) to sanction Glaser for her failure to provide such evidence (1) violated his rights to "be informed of the nature and cause of the accusation" against him, to confront the witnesses against him, and to have the assistance of counsel for his defense; (2) deprived him of property (i.e., the evidence) without due process of law; and (3) deprived him of liberty without due process of law, deprived him of the equal protection of law, and prevented him from petitioning the government to redress his grievances (collectively the access-to-court claim).[3] (*See id.* at #84–86, 93–96).

In the same R&R in which she orders the Complaint filed, Magistrate Judge Vascura also recommends dismissing Holmes's Complaint for failure to state a claim. (Doc. 8). After laying out the background facts to which the Court alludes above, the R&R states that "Plaintiff does not explain, and the undersigned cannot discern, how the omission of body worn camera footage, witness interviews, and CDs from his case

---

[3] The Court refers to the claims grouped into this third category as his "access-to-court claim" because, as further described below, they are all different theories based on the notion that Defendants' actions are interfering with Holmes's ability to pursue an Ohio postconviction proceeding.

file interfered with any of [Holmes's constitutional] rights." (*Id.* at #125). The R&R then briefly explains that (1) the Sixth Amendment applies only to criminal prosecutions and Holmes is not currently subject to prosecution, (*id.* at #125), and (2) a due process claim for deprivation of property lies only where the state post-deprivation remedies are inadequate and Holmes has failed to allege his Ohio procedural remedies were inadequate, (*id.* at #126–27 (citing *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986))). As to Holmes's remaining claims, the R&R stated that Holmes's "allegations [do not] suggest that his freedom of speech or right to petition the government were in any way curtailed[ or that] he was deprived of life or liberty without due process of law, or that he was not afforded equal protection of the laws." (*Id.* at #125–26).

The Court agrees with the R&R that Holmes has failed to explain how his former counsel's failure to provide all the evidence from his criminal trial somehow works a Sixth Amendment violation. The Sixth Amendment guarantees a *criminal defendant's* right "to be confronted with the witnesses against him" and "to be informed of the nature and cause of the accusation." U.S. Const. amend VI. But Holmes's prior criminal case is closed. And he has not alleged he is currently subject to prosecution in a different matter. Without a pending criminal charge, Holmes fails to allege a viable Sixth Amendment claim.

The Court also agrees with the R&R's analysis of Holmes's claim that Defendants deprived him of property without due process of law. He has failed to allege that Ohio provides no adequate procedures to vindicate his property interest

4

(assuming he has one) in the evidence that the government produced for his counsel's review during the course his criminal proceedings. *See Parratt*, 451 U.S. at 543–44 (holding that a prisoner whose property was misplaced by the prison failed to allege a viable due process claim because he did not show that the state procedures were inadequate and because the state "provided [the prisoner] with the means by which he c[ould] receive redress for the deprivation").

But the Court parts ways with the R&R somewhat as to Holmes's remaining claims. Holmes argues that he was deprived of liberty without due process of law under the Fifth Amendment, that he has been deprived of the equal protection of the laws under the Fourteenth Amendment, and that he has been barred from petitioning the government for redress of his grievances under the First Amendment. While these claims are admittedly underdeveloped in Holmes's Complaint, the Court does not agree that no claim can be discerned from Holmes's argument. In fairness to the Magistrate Judge's statement to that effect, though, she did not have the benefit of Holmes's objections, which clarify the nature of these claims—at least somewhat. Now armed with that clarification, the Court will analyze Holmes's arguments in more detail.

In Holmes's objections, he explains that he seeks the evidence from his criminal case file in order to file an Ohio postconviction petition and that his former attorney's withholding such evidence prevents his meaningful access to the court system—or, in other words, deprives him of the ability to prosecute his postconviction action. (Doc. 12, #133–35). Although the constitutional foundation for an access-to-

court claim is admittedly opaque, the Supreme Court has held that the Constitution protects an individual's right of access to the court system. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting Supreme Court cases rooting the right of access to the courts in Article IV's Privileges and Immunities Clause, the First Amendment's Petition Clause, the Fifth Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection Clause). But importantly, that right extends only to efforts to assert "nonfrivolous" claims. *Id.* at 415; *see Lewis v. Carey*, 518 U.S. 343, 351–52, 352 n.2 (1996).

Moreover, as that description suggests, an individual's right of access to the court system is not a free-standing right. Rather it is "ancillary" to the nonfrivolous underlying claim the individual seeks to assert. *Harbury*, 536 U.S. at 415. To plead a viable access-to-courts claim, then, an individual must describe, in his complaint, the nonfrivolous underlying cause of action that the official state action at issue prevented.[4] *Id.* Holmes identifies no such underlying claim in his Complaint. Accordingly, his claim, as currently pleaded,[5] fails. *See Lewis*, 518 U.S. at 349–50

---

[4] The Court assumes without deciding, for the purposes of this Order, that Glaser acted under the color of law when she withheld evidence from Holmes's case file based on her complying with an official court order designating such evidence as "counsel only."

[5] The Court notes one difficulty that Holmes may face in pointing to an underlying nonfrivolous claim, which is that he pleaded guilty to his state crimes. Ordinarily, a guilty plea operates as a waiver of any factual challenge to the conviction. *See Class v. United States*, 583 U.S. 174, 183 (2018) ("A valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." (cleaned up)). However, Holmes's guilty plea would in no way hamper a claim that his counsel was ineffective for advising him to plead guilty, assuming that was in fact the case. *See United States v. Mullikin*, 460 F. App'x 526, 529 (6th Cir. 2012). And the evidence that Holmes seeks may be relevant to such a claim. Ultimately, however, Holmes bears the burden to show the existence of a nonfrivolous underlying claim. This Court notes the theoretical possibility of

(holding that a plaintiff bringing an access-to-courts claim must show an "actual harm," and likening a failure to show such harm to a healthy inmate, who in need of no medical care, complains about the inadequacies of a prison's medical system). That is not to say that Holmes must *prove* his claim at this stage. He need only point to a claim that is "arguable" and "nonfrivolous." *Harbury*, 536 U.S. at 415. But he has not done that here.

Beyond that, even assuming Holmes can point to an underlying nonfrivolous claim that he cannot present before an Ohio court because of Defendants' actions, he must also show that his request for relief—in this case, the demand for the omitted evidence from his case file—is "otherwise unattainable." *Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023) (citation omitted). In other words, Holmes must demonstrate not only that he has a nonfrivolous claim that Defendants are preventing him from presenting to the courts, but also that this federal action is the only way to address Defendants' purported obstruction of his access to the courts. Holmes has not made either showing in his Complaint.

These shortcomings mean that Holmes fails to assert any viable claim in his Complaint as drafted. But it is possible that Holmes could do so (sans his Sixth Amendment claim given the lack of an ongoing criminal prosecution). Accordingly, the Court **OVERRULES** Holmes's Objections (Doc. 12) and **ADOPTS** the R&R (Doc. 8), although on slightly different grounds as to the access-to-court claim. Accordingly,

---

an ineffective-assistance-of-counsel claim solely to explain why it chooses to dismiss this action without, rather than with, prejudice.

the Court **DISMISSES** Holmes's Sixth Amendment claim **WITH PREJUDICE** and dismisses the remainder of this action **WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

August 6, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8